UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OLIN DALE HUSLEY,<br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 20-11157-LTS |

MEMORANDUM AND ORDER

July 6, 2020

SOROKIN, J.

For the reasons stated below, the Court denies the motions for subpoena, for protective measures and for leave to proceed *in forma pauperis* without prejudice.

I.   BACKGROUND

On June 18, 2020, Olin Dale Hulsey ("Hulsey") filed a pro se pleading pursuant to 42 U.S.C. § 1983[1] titled "Petition for Relief from Constitutional Violation of Cruel and Unusual Punishment Attempted Murder/Heinous Assault." See Docket No. 1. Hulsey states that upon arrival at FMC Devens, he was asked to release his confidential VA medical records. Id. at p. 3. Hulsey states that he refused and was sent to the SHU. Id. at p. 3-4. Hulsey complains that, after becoming sick, he discovered that the SHU housed inmates who tested positive for COVID-19. Id. at p. 4.  He seeks to have the court "take action to protect his life and prevent any further constitutional violation." Id. at p. 6.  Hulsey also filed motions for leave to proceed in forma

---

[1] Because 42 U.S.C. § 1983 applies to persons acting under state law, Hulsey's claims against the federal defendants will be construed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (explaining that Bivens provides an implied cause of action for money damages against federal officials in their individual capacities for limited constitutional violations similar to 42 U.S.C. § 1983).

pauperis, for Court to take Protective Measures, for Subpoena and for Leave to Submit Exhibits. See Docket Nos. 2-4.

II.     DISCUSSION

Although Hulsey filed this civil action along with a motion for leave to proceed *in forma pauperis*, he failed to provide a certified prison account statement.  Where, as here, the plaintiff is a prisoner[2], a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in Hulsey's prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the his account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

---

[2] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  Hulsey is a prisoner under 1915(h) because he has been charged in the United States District Court for the Northern District of Alabama of violating 18 U.S.C. § 261A(2) (interstate domestic violence). *See United States v. Hulsey*, C.R. No. 20-00190-MHH-GMB-1 (criminal complaint filed Mar. 11, 2020).

In his one-page motion for the Court to take protective measures, Hulsey states that he was sent to FMC Devens for a competency exam and that he "passed." See Docket No. 3. He seeks release from confinement to "prevent any further cruel and unusual punishment." Id. Hulsey's motion attacks the legality of his confinement, and such review is available under the federal habeas statutes. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Because habeas relief is not available through this civil rights action, Hulsey's motion will be denied.

Hulsey also filed a motion for subpoena. See Docket No. 4. Hulsey requests a copy of the "films from the intake area when Hulsey arrive at the FMC Devens facility. Id. Hulsey's request for discovery at this early stage of litigation is premature. Hulsey has not indicated whether he requested the video from the defendants and, if so, their response. Rule 26(d) of the Federal Rules of Civil Procedure expressly states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when otherwise authorized. Rule 26(f) provides for a conference of the parties that includes the planning of discovery. Thus, Hulsey's motion will be denied without prejudice.

Finally, the Court's records indicate that Hulsey filed two other actions in the District of Massachusetts. See Hulsey v Federal Bureau of Prisons, C.A. No. 20-11078-DLC (filed Jun. 5, 2020); Hulsey v United States, C.A. No. 20-11090-FDS (filed Jun. 8, 2020). Hulsey may wish to voluntarily dismiss this action and seek leave to amend in one of his earlier actions.[3]

---

[3] In addition to the requirement to make payments towards the $350 filing fee for each case, federal courts must deny in forma pauperis status to prisoners with three or more prior "strikes" (dismissals because a filing is frivolous, malicious, or fails to state a claim upon which relief may be granted) unless the prisoner is "under imminent danger of serious physical injury," See 28

III.    CONCLUSION

Accordingly, the Court hereby ORDERS:

1. Plaintiff's motion (Docket No. 2) for leave to proceed in forma pauperis is denied without prejudice.  If plaintiff elects to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) file a renewed motion for leave to proceed in forma pauperis accompanied by his certified prison account statement; or (2) pay the $400.00 filing and administrative fees.

2. Plaintiff's motion (Docket No. 3) for protective measures is denied.

3. Plaintiff's motion (Docket No. 4) for subpoena is denied.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

U.S.C. § 1915(g).  Moreover, district courts must screen and dismiss prisoner complaints that are found to be "frivolous," "malicious," or meritless.  See 28 U.S.C. §§ 1915, 1915A.